2010 OK JUD ETH 2

**JUDICIAL ETHICS OPINION 2010–2.**

**No. 2010–2.**

Oklahoma Judicial Ethics Advisory Panel.

April 23, 2010.

## JUDICIAL ETHICS ADVISORY PANEL

¶1 Question(s): 1. May a candidate for judicial office attend a political gathering that was organized for the benefit of an independent legislator who has been a friend of long standing?

¶2 2. Does the attendance by a judicial candidate at a political gathering upon payment of either no admission fee or a nominal admission fee, for the sole purpose of campaigning on his/her own behalf (which is not prohibited by 20 O.S. § 1404.1) violate any provisions of Canon 5 of the Oklahoma Code of Judicial Conduct?

¶3 Answer(s): Question 1: No

Question 2: Yes, with certain restrictions

¶4 Discussion: Question 1—The facts as presented are that the function in question was for the sole benefit of a particular candidate in a partisan election campaign. Even though the judicial candidate at the event would not overtly publicly endorse the candidate for whom the event was held, either by word or wearing of any campaign button, sticker, etc., his or her appearance at this type of event could not be construed as anything but an endorsement of that candidate and would violate Canon 5 A(1)(b). Such attendance could also be construed as engaging in partisan political activity.

¶5 Question 2—We have addressed a similar question in Judicial Ethic Opinion 2002–9, wherein we stated that "It is not within the mandate of the Judicial Ethics Advisory Panel to interpret the statutes of the State of Oklahoma, that function being vested in the Courts of our state. However, in questions such as this, when it may appear that there is a possible conflict between a statute and a canon of the Code of Judicial Conduct, it is necessary in order to be helpful to the party posing the question, to make reference to both and examine them side by side. It would appear that the statute is designed to permit a candidate for judicial office to attend a partisan political function and to pay for the same to the extent that the ticket purchased is for the purpose of defraying the cost of the event, but from which the sponsoring organization would not derive additional revenue with which to advance its political agenda. The canon could be read to absolutely prohibit the purchase of a ticket for political party dinners or other functions. However, taken within the context of the entire canon, and reading the pertinent language of the canon in *pari materia* with the cited statute, we conclude that so long as the cost of the ticket covers only the reasonable cost of the event apportioned on an individual basis to the judicial candidate and would not enlarge the coffers of the political party to advance its agenda, that such participation is acceptable under the canon."

¶6 Judicial Ethics Opinion 1998–13 stated that "The Canons seek to prohibit all partisan political activities by judicial candidates. The only explicit exception is in 20 O.S. § 1404.1, which permits a judicial candidate to attend a political gathering upon payment of an admission fee and "for the sole purpose of campaigning in his own behalf for a judicial office." The spirit, if not the letter, of the Canons discourage even minimal partisan political activity."

¶7 If the political function in question is open to all judicial candidates in a judicial race, so that it would not be tantamount to endorsing one judicial candidate over others, the candidate may appear subject to the cost provisions outlined above, and for the sole purpose of advancing that candidates campaign.

/s/Robert L. Bailey, Chairman

/s/Milton C. Craig, Secretary

/s/Robert E. Lavender